**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| George Hicks,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Jo Anne B. Barnhart,<br>Commissioner of the Social<br>Security Administration,<br><br>　　　　Defendant. | No. CV-05-3696-PHX-JAT<br><br>**ORDER** |

　　　　Pending Before the Court are the Plaintiff's Motion for Summary Judgment and the Defendant's Cross-Motion for Summary Judgment. (Docs. 12, 16). The Court now rules on the motions.

I.　　　BACKGROUND

　　　　On February 7, 2003, the Plaintiff applied for disability insurance benefits. The alleged disability onset date was November 4, 2002. A hearing was held on June 2, 2005. On July 20, 2005, the hearing officer issued a decision denying benefits based in part on a finding that the Plaintiff retains the functional capacity to perform light unskilled work with restrictions. The Plaintiff requested review on August 4, 2005. On October 21, 2005, the Appeals Council declined to review the hearing officer's determination. As a result, the hearing officer's decision became the final decision of the Commissioner of Social Security for purposes of judicial review.

1 On November 15, 2005, the Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g). The Complaint seeks judicial review of the Commissioner of Social Security's denial of benefits. On February 13, 2006, the Plaintiff filed a Motion for Summary Judgment. On March 20, 2006, the Defendant filed a Cross-Motion for Summary Judgment.

II. LEGAL STANDARD AND ANALYSIS

Because the Social Security Act confines the scope of judicial review to evidence within the administrative record, the Court will treat the Plaintiff's Motion for Summary Judgment as a motion for reversal of the Commissioner's decision and the Defendant's Cross-Motion for Summary Judgment as a motion for affirmance. 42 U.S.C. § 405; *Higgins v. Shalala*, 876 F. Supp. 1224, 1226 (D. Utah 1994) (collecting cases and discussing the appropriate treatment of summary judgment motions requesting review of administrative decisions). Concerning such motions, the appropriate standard of review is whether the hearing officer's findings of fact are supported by substantial evidence and whether the denial of benefits was free from legal error. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

Substantial evidence is relevant evidence that a reasonable mind "might accept as adequate to support a conclusion." *Smolen*, 80 F.3d at 1457 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation omitted). To determine whether an administrative decision is supported by substantial evidence, the reviewing court must "review the administrative record as a whole, weighing both the evidence that supports and detracts from the [hearing officer]'s conclusion." *Magallanes,* 881 F.2d at 750 (internal citations omitted). If the evidence can support either affirming or reversing the hearing officer's decision, the court must uphold the decision. *Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir. 1995). Reviewing courts cannot accept post-hoc rationalizations for agency action. *See, e.g., NLRB v. Metro. Life Ins. Co.,* 380 U.S. 438, 441, 85 S.Ct. 1061, 1063 (1965); *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir. 2001). Thus, the decision must be upheld, if at all, on the grounds articulated in the order by the hearing officer. *Pinto,* 249 F.3d at 847.

To qualify for disability benefits under the Social Security Act, a claimant must show: (1) he suffers from a medically determinable physical or mental impairment that can *either* be expected to result in death *or* that has lasted, or can be expected to last, for a continuous period of not less than twelve months; and (2) the impairment prevents him from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The claimant carries the initial burden of proving disability. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). Where the claimant establishes his inability to perform his previous work, the burden shifts to the social-security commission to show that the claimant can perform other substantial gainful work existing in the national economy. *Id.*

The social security regulations set forth a five-step process for evaluating disability claims. *Id*; *see also* 20 C.F.R. § 404.1520. A claimant is not disabled if, at any point in the sequential process, a finding of not disabled can be made. 20 C.F.R. § 404.1520.

At step one, the hearing officer determines whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). So long as the claimant is not gainfully employed, the hearing officer proceeds to the next step of the analysis. At step two, the hearing officer determines, based on the medical evidence, whether the claimant has a "severe impairment." C.F.R. § 404.1520(c).

If the claimant's impairment is "severe," the hearing officer proceeds to step three and determines whether the impairment meets or equals any of the listed impairments in the regulations. 20 C.F.R. § 404.1520(d). If a claimant's combined impairments meet or equal a listed impairment the claimant will be found disabled at step three without further inquiry. *Tackett,* 180 F.3d at 1099. If not, the hearing officer will make a finding about the claimant's residual functional capacity based on all the relevant medical and other evidence in record. 20 C.F.R. § 404.1520(e).

At step four, the hearing officer uses the residual-functional-capacity assessment to determine whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant can perform past-relevant work, the claim is denied. However,

1  if the claimant is unable to do past-relevant work, the hearing officer proceeds to the fifth
2  step and determines, based on the claimant's age, education, work experience and residual
3  functional capacity, whether the claimant can perform other work which exists in the national
4  economy.  20 C.F.R. § 404.1520(f).  If the claimant cannot, he is entitled to a finding of
5  disability.

6        In this case, the hearing officer concluded that the Plaintiff was not disabled at step
7  four of the sequential-evaluation process after finding that the Plaintiff retains the residual
8  functional capacity to perform unskilled light work with limitations.  (Tr. 23).  The Plaintiff
9  argues that in reaching this conclusion the hearing officer: (1) improperly rejected the
10 testimony of his treating physicians and the vocational expert; and (2) improperly discredited
11 the Plaintiff's subjective pain testimony.  As a result, the Plaintiff argues, the hearing
12 officer's findings are insufficient to support his conclusion that the Plaintiff is not disabled.

13       A.      Plaintiff's Credibility

14       The Plaintiff argues that the hearing officer improperly discounted the Plaintiff's
15 credibility and failed to indicate his reasons for finding the Plaintiff not credible.  A hearing
16 officer may not reject a claimant's testimony without specifically identifying the portions of
17 the testimony found not credible and explaining what evidence contradicts or undermines the
18 testimony.  *Aukland v. Massanari,* 257 F.3d 1033, 1036 n.1 (9th Cir. 2001); *Rollins v.*
19 *Massanari,* 261 F.3d 853, 856 (9th Cir. 2001); *Reddick,* 157 F.3d at 722.  A hearing officer's
20 credibility determinations must be supported by specific cogent reasons and the evidence
21 relied upon to reject the testimony must be "substantial."  *Aukland,* 257 F.3d at 1036 n.1;
22 *Reddick,* 157 F.3d at 722.

23       The hearing officer found that the Plaintiff's testimony is not fully credible concerning
24 the severity and extent of his limitations.  (Tr. 21).  The hearing officer found that the
25 Plaintiff's testimony of disabling pain is not supported by the objective medical evidence.
26 *Id.*  The hearing officer noted that August 2003 progress notes indicate that the Plaintiff is
27 able to walk further, sleep better, and do more things.  *Id.*  He noted that additional records
28 show that the Plaintiff walks ½ mile twice a day.  *Id.*

- 4 -

A hearing officer can disregard a claimant's self-serving statements when they are unsupported by objective findings. *Bellamy v. Sec'y of Health & Human Servs.,* 755 F.2d 1380, 1382 (9th Cir. 1985). The hearing officer in this case pointed out that there is no medical evidence that suggests that the Plaintiff's medical conditions would prevent him from performing the requirements of sedentary or light work with restrictions.

When assessing a claimant's credibility, a hearing officer may use ordinary techniques of credibility evaluation, such as considering inconsistencies in testimony or a tendency toward exaggeration. *Tonapetyan v. Halter,* 242 F.3d 1144, 1147 (9th Cir. 2001). The hearing officer may also consider the claimant's daily activities. *Smolen,* 80 F.3d at 1284. The hearing officer noted that according to the Plaintiff's November 17, 2003, "Activities of Daily Living Questionnaire," the Plaintiff cannot move without experiencing severe pain. (Tr. 21). Yet in the same document the Plaintiff states that he lives alone, cooks his own meals, cleans his home, washes clothes when he is able, goes to the grocery store once a week, drives a car when he is able, runs errands alone, and handles his own finances. *Id.* This Court notes similar inconsistencies in the hearing testimony. (Tr. 285-86) (the Plaintiff testified that he gets up in the morning, makes himself tea, walks the dog, and cooks two meals a day).

The hearing officer explained that the ability to perform activities such as caring for personal needs, preparing easy meals, performing light housework, and grocery shopping are all inconsistent with the presence of a condition that would preclude *all* work activity. (Tr. 21). It was within the hearing officer's sound discretion to determine that the Plaintiff's subjective testimony lacked credibility and that his impairments did not affect his functional capacity to the extent alleged. *See Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999) (if a claimant produces medical evidence that he suffers from an ailment that could cause pain, the hearing officer can reject the claimants testimony about the severity of his symptoms by offering specific clear and convincing reasons for doing so).

The hearing officer in this case made specific findings, based on evidence in the record, that support his credibility determination. The Court, therefore, finds that the hearing

1 officer was justified in inferring from the objective medical evidence and the Plaintiff's own
2 testimony concerning his daily activities that the Plaintiff's complaints about the extent of
3 his limitations were not credible, and the hearing officer's reasons for discrediting his
4 testimony are clear and convincing. *See Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir. 1995)
5 (discussing findings which are sufficient to discredit a claimant's allegations of pain); *Fair
6 v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989) (same).

B. Treating Physicians

The Plaintiff argues that the hearing officer improperly rejected the opinions of the Plaintiff's treating physicians, Lisa York, M.D., Nabila Aslam M.D., and Charles Calkins, M.D. even though their opinions were not controverted by another examining physician.

The opinion of a treating physician is not always dispositive. Where the treating physician's medical opinion is inconsistent with other substantial evidence in the record, it is entitled to deference but not controlling weight. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Additionally, a hearing officer may rely upon the medical opinion of a non-treating doctor if he provides "specific" and "legitimate" reasons supported by substantial evidence in the record. *Id.*; *Fife v. Heckler,* 767 F.2d 1427, 1431 (9th Cir. 1985).

In this case, on August 1, 2003, Dr. Lisa York completed a residual functional capacity assessment and opined that the Plaintiff is able to sit a total of two hours in an eight-hour workday, stand and walk a total of four hours in an eight-hour workday, occasionally lift up to 25 pounds, frequently lift up to ten pounds, occasionally carry up to ten pounds, and occasionally bend and reach. *Id.* She opined that the Plaintiff is able to use his hands for simple grasping, pushing/pulling of controls, and fine manipulation, and that he can always squat but is unable to crawl or climb. *Id.* She opined that if it rains, the Plaintiff has to sit down immediately and that the Plaintiff is additionally limited by moderate to severe pain. *Id.* Dr. York's progress notes from the same date indicate that the Plaintiff is a little better and has started using prescribed pain pills. *Id.*

On March 16, 2004, Dr. Nabila Aslam also indicated that the Plaintiff is limited by his pain to a moderate to severe degree. *Id.* Dr. Aslam opined that the Plaintiff can lift and

- 6 -

1 carry up to ten pounds continuously and up to 25 pounds occasionally. *Id.* He opined that
2 the Plaintiff is unable to crawl, but can occasionally bend, squat, climb, and reach. *Id.* He
3 opined that the Plaintiff is able to use his hands for simple grasping, pushing/pulling of
4 controls, and fine manipulation. *Id.* Dr. Aslam opined that the Plaintiff can use his feet for
5 repetitive movements and has no restrictions with respect to humidity and/or temperature
6 changes, heights, exposure to fumes and/or dust, or driving machinery. *Id.*

7 The hearing officer found that some of Dr. Aslam's findings are consistent with the
8 hearing officer's conclusion that the Plaintiff is able to perform light unskilled work with
9 restrictions. (Tr. 21). Additionally, on January 22, 2003, Dr. Charles Calkins, another of the
10 Plaintiff's treating physicians, reported that the Plaintiff was unable to work due to pain and
11 inability to lift. (Tr. 20). However, by March 23, 2003, his notes reflect that the Plaintiff
12 reported a 50% improvement in his chronic pain following his first steroid injection. *Id.*
13 Similarly, on March 4, 2003, Dr. William Schwark, also a treating physician, stated that
14 although the Plaintiff has numbness in both legs, he no longer has sharp pain down his right
15 leg and is happy with his steroid injections. *Id.*

16 The hearing officer noted that the Plaintiff's 2003 progress notes indicate that the
17 Plaintiff is able to walk further, sleep better, and do more things. *Id.* He also noted that the
18 medical records show that the Plaintiff walks ½ mile twice a day. *Id.*

19 The hearing officer pointed out that the Plaintiff's disability claim is primarily based
20 on disabling pain. (Tr. 20). But according to the Plaintiff's November 17, 2003, Activities
21 of Daily Living Questionnaire, the Plaintiff reports that his pain has improved enough to take
22 care of his personal needs, and that he lives alone, cooks his own meals, cleans his home,
23 washes clothes when he is able, goes to the grocery store once a week, drives a car when he
24 is able, runs errands alone, and handles his own finances. (Tr. 20-21).

25 Upon advice of counsel, the Plaintiff refused to participate in an independent medical
26 examination. (Tr. 22). Dr. York also refused to participate in a consultative evaluation. *Id.*
27 However, the hearing officer noted that after reviewing the documentary evidence, the state-
28 agency physicians opined that the Plaintiff retains the residual functional capacity to perform

work at the light exertional level as long as it does not involve occasionally lifting more than 20 pounds, frequently living more than 10 pounds, standing and walking more than six hours in an eight-hour workday, or sitting more than six hours in an eight-hour workday. (Tr. 22). The state-agency physicians opined that the Plaintiff is able to occasionally climb, balance, stoop, kneel, crouch, and crawl. *Id.*

The hearing officer gave Dr. York and Dr. Aslam's opinions "very little weight" after finding that their assessments of the Plaintiff's functional limitations are not supported by the objective medical evidence or the Plaintiff's own testimony regarding his daily activities – which appear to be only slightly limited. (Tr. 20-21). Because the Plaintiff refused to submit to an examination, and the assessments offer no explanation for the Plaintiff's ability to perform his daily activities with only slight limitations, the hearing officer opted to reject those assessments in favor of the treating physicians' prior treatment notes that were consistent with the state-agency physicians' evaluations and the Plaintiff's own testimony. (Tr. 21-22).

The hearing officer is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999). The hearing officer's finding that the Plaintiff retains the residual functional capacity to perform light unskilled work, with restrictions, is specific, legitimate, and supported by substantial evidence in the record. *See Holohan,* 246 F.3d at 1202.

C. Vocational Expert

The vocational expert testified as to the availability of jobs in the regional and national economy suitable for a hypothetical person who is limited to performing light unskilled, work with various restrictions. (Tr. 22, 294-95). The Plaintiff argues that the hearing officer improperly rejected the vocational expert's testimony.

The hearing officer found that a hypothetical individual with the Plaintiff's limitations "should not use the lower extremities for pushing and pulling or use the upper extremities for work above the shoulder level." (Tr. 22). Similarly, he found that the hypothetical individual "should have a stand/sit option." *Id.* The vocational expert testified that there are

1  a significant number of light unskilled sit/stand jobs available in the national and regional
2  economy that are suited to a worker with the Plaintiff's capabilities and limitations. (Tr. 22-
3  23).
4        The vocational expert agreed that a hypothetical person with the added restrictions of
5  frequent absences and long rest breaks would not be able to find suitable work. (Tr. 295-96).
6  However, the hearing officer rejected the testimony and medical evidence suggesting that the
7  Plaintiff needed such additional restrictions. Thus, the portion of the vocational expert's
8  testimony that was premised on these added restrictions is irrelevant to the hearing officer's
9  determination.
10        Accordingly, the hearing officer's finding – that there are a substantial number of
11  gainful activities that the Plaintiff can perform given his functional limitations – is supported
12  by the Vocational Expert's testimony and is free from reversible error.
13  / / /

1  Accordingly,

2  IT IS ORDERED DENYING the Plaintiff's Motion for Summary Judgment. (Doc. 12).

3  IT IS FURTHER ORDERED GRANTING the Defendant's Cross-Motion for Summary Judgment. (Doc. 16).

5  IT IS FURTHER ORDERED AFFIRMING the Commissioner of Social Security's decision.

7  DATED this 7th day of June, 2006.

James A. Teilborg
United States District Judge